J-S13021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MILIK EMIL PINNOCK | : | |
| | : | |
| Appellant | : | No. 1543 MDA 2021 |

Appeal from the PCRA Order Entered November 2, 2021
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0006227-2017

BEFORE: STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED SEPTEMBER 07, 2022**

Appellant, Milik Emil Pinnock, appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court has summarized the relevant facts and procedural history of this case as follows:

> On October 6, 2017, the Honorable Howard F. Knisely signed an order authorizing installation of a global positioning system (["]GPS["]) mobile tracking device on the Honda Accord owned by Appellant.  The application and affidavit presented to Judge Knisely asserted there was probable cause to believe Appellant's vehicle was involved in or connected to criminal activity, specifically, the sale of cocaine purchased in Philadelphia[, Pennsylvania,] but distributed within Lancaster[, Pennsylvania].  [On October

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

9, 2017, t]he GPS tracker was installed on the vehicle…. That day, Appellant's vehicle traveled to and from Philadelphia.

On October 10, 2017, at approximately 1:10 p.m., members of the Lancaster County Drug Task Force seized Appellant, searched his vehicle and entered his residence at 541 North Plum Street in the City of Lancaster pursuant to a valid search warrant. During the search of the residence, [d]etectives located approximately 263.34 grams of cocaine, $1,073.00 in U.S. currency, two digital gram scales, sandwich bags, and a gallon size bag and two quart size bags with cocaine residue. The seizure and arrest of Appellant resulted in the Commonwealth obtaining additional controlled substances on his person. Subsequent to his arrest, Appellant was administered his **Miranda** [**v. Arizona**, 384 U.S. 436 (1966),] warnings by Detective Jason Zeigler of the Drug Task Force, waived his rights, and ultimately provided a statement admitting the cocaine, paraphernalia and money were his and that he was selling cocaine.

Based upon his incriminating statements and the evidence seized from his residence and person, [the Commonwealth charged] Appellant…with [possession with intent to deliver] cocaine, and possession of drug paraphernalia[.]

\* \* \*

[Thereafter,] Appellant filed multiple omnibus pre-trial motions.… Specifically, Appellant moved to suppress the controlled substances and paraphernalia seized from his person and residence[.] [The trial court held a suppression hearing on July 13, 2018, to address Appellant's various claims and ultimately denied Appellant's motion to suppress on October 2, 2018.]

On January 25, 2019, Appellant appeared before the [court] for a stipulated bench trial. [That same day, the trial court found Appellant guilty of both charges].

\* \* \*

[The court sentenced Appellant on May 3, 2019, to] a sentence of 7 to 14 years' incarceration in a state correctional institution for the PWID conviction. [The court only imposed costs for the possession of drug paraphernalia conviction.]

*Commonwealth v. Pinnock*, No. 900 MDA 2019, unpublished memorandum at 1-3 (Pa.Super. filed Mar. 18, 2020) (quoting Trial Court Opinion, 6/28/19, at 1-5) (footnote omitted), *appeal denied*, ___ Pa. ___, 240 A.3d 462 (2020). This Court affirmed the judgment of sentence on March 18, 2020, and our Supreme Court denied Appellant's petition for allowance of appeal on October 19, 2020. *See id.*

On March 3, 2021, Appellant *pro se* filed a timely first PCRA petition. The court appointed counsel who, on July 13, 2021, submitted a *Turner*/*Finley*[2] "no-merit" letter and petition to withdraw as counsel. The PCRA court issued notice of its intent to dismiss on July 20, 2021, per Pa.R.Crim.P. 907.[3] Appellant filed a *pro se* response on August 9, 2021. On November 2, 2021, the court dismissed the PCRA petition and granted counsel leave to withdraw. This timely appeal followed. The court did not direct Appellant to file a concise statement in accordance with Pa.R.A.P. 1925(b), and Appellant filed none.

---

[2] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] On August 5, 2021, Appellant filed a premature notice of appeal from the court's Rule 907 notice. This Court quashed the appeal as interlocutory.

Appellant raises the following issues on appeal:

> (1) Did [the] trial judge commit legal error by the denial to allow the defense to challenge the whole affidavit of probable cause presented at the suppression hearing.
>
> (2) Was [Appellant's] "due process" violated by the suppression court by in chambers ruling of limited questioning of the police affiant in this matter.
>
> (3) Was trial counsel ineffective for not objecting to the allowing of trial suppression court to exclude defense counsel from challenging the whole affidavit of probable cause d[ur]ing suppression hearing held on July 13, 2018.
>
> (4) Was defense counsel ineffective for not spelling out within his omnibus motion to suppress the reliability of information received from confidential informants within this matter.
>
> (5) Was the trial court in violation of [Appellant's] "due process" by [the trial] court's ruling of questioning affidavit of probable cause information received from confidential informants to create probable causes in this matter.

(Appellant's Brief at unnumbered pages 1-3) (issues renumbered).[4]

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795

_____

[4] Reading Appellant's *pro se* brief, it appears that his issues fall into two main categories of claims. First, that the trial court erred and abused its discretion with respect to its rulings during and after the suppression hearing ("suppression court errors"), and second, that trial counsel rendered ineffective assistance with respect to the hearing ("trial counsel's ineffectiveness"). We therefore analyze these two main issues and incorporate all of the individual arguments raised by Appellant.

(2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190 (Pa.Super. 2012).

In his claims related to the alleged suppression court errors, Appellant argues that the court "intentionally set out to handicap the defense before the commencement of the suppression hearing...with 1 hour meeting in chambers off the record by perfecting a common plan and scheme to not allow the defense to question the whole affidavit of probable cause." (Appellant's Brief at unnumbered page 4). Appellant claims the court abused its discretion by thereafter limiting counsel's questioning and restricting Appellant's questioning of the detective/affiant concerning the confidential informant. Specifically, Appellant insists the court should have permitted him to further investigate the informant's reliability to demonstrate a lack of probable cause to justify issuance of the search warrant. (**Id.** at unnumbered pages 4, 12-15). Appellant further asserts that the court violated his due process rights by holding the meeting in chambers prior to the suppression hearing. (**Id.** at unnumbered pages 25-27). We disagree.

Preliminarily:

> To be eligible for relief under the PCRA, a petitioner must establish that his allegations have not been previously litigated or waived. **See** 42 Pa.C.S. § 9543(a)(3). An issue is deemed finally litigated for purposes of the PCRA if the

- 5 -

"highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2). If the allegations of error have not been previously litigated, a petitioner must also demonstrate that those allegations have not been waived. An allegation is deemed waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

*Commonwealth v. Ford*, 570 Pa. 378, 383, 809 A.2d 325, 328 (2002).

Here, the PCRA court found that Appellant was not entitled to relief on his alleged suppression court errors because those claims had been previously litigated. Specifically, the court explained:

> [Appellant claims that the trial court erred] with respect to limitations placed on trial counsel's cross-examination of Detective Weber during the [s]uppression [h]earing with regard to matters outside the four corners of the relevant affidavits. Each issue ultimately questions whether either relevant affidavit (the affidavit supporting the October 10, 2017 search warrant and the affidavit supporting the application for installation of the GPS device) contained sufficient facts to establish probable cause. The record in this matter clearly shows that [Appellant] has previously litigated these issues fully, both in the trial court and on direct appeal; they are not, therefore, subject to this [c]ourt's collateral review under the PCRA. 42 Pa.C.S.A. § 9544(a). By [Appellant's] own admission, and evident from the face of the several omnibus motions, trial counsel did specifically request permission to cross-examine Detective Weber, the affiant and witness at the [s]uppression [h]earing, on matters outside the four corners of the affidavits used in support of probable cause. After hearing argument, the [c]ourt denied the request on its merits. Thereafter, [Appellant] pursued a direct appeal with the Superior Court, alleging trial court error in this regard. The Superior Court reviewed the matter on the merits and affirmed, adopting as its own this [c]ourt's [o]pinion of June 28, 2019. Specifically, the Superior Court held that

we agree that the trial court did not err in denying [Appellant]'s motion to suppress because both the affidavit in support of the order authorizing installation of a GPS on [Appellant]'s car and the affidavit in support of the October 10, 2017 search warrant were supported by probable cause. We also note, based upon our review, we are satisfied that the affidavit of probable cause did not contain material omissions that undermined or invalidated the October 10, 2017 search warrant.

Moreover, the Superior Court elaborated in a footnote that "the alleged omissions cited by [Appellant] were not 'highly relevant' to the magistrate's finding of probable cause." The Supreme Court of Pennsylvania affirmed, denying allocatur on October 20, 2020. Having exhausted his appeals on the merits of these issues, [Appellant] is statutorily precluded from relitigating them here in the post conviction context, and the [c]ourt will not consider [these] issues on this collateral review.

(PCRA Court Opinion, 11/2/21, at 9-10) (footnote, quotation marks, and citation omitted). We agree with the PCRA court that Appellant is not entitled to relief where his alleged suppression court errors were previously litigated. *See Ford, supra*.[5]

Regarding his claims of trial counsel's ineffectiveness, Appellant argues trial counsel failed to challenge the reliability of information received from

_____

[5] To the extent that Appellant's claim concerns specific rulings of the trial court, rather than the court's denial of the motion to suppress generally, we conclude that he has waived this argument. Prior to the suppression hearing, the court conducted a hearing in chambers to determine the scope of questions potentially related to the identity of a confidential informant. (*See* N.T. Suppression Hearing, 7/13/18, at 4-6). Appellant did not challenge the propriety of the in chambers meeting or the court's ruling about limiting specific lines of inquiry before the trial court or on direct appeal. Thus, this specific claim of error is waived on appeal. *See Ford, supra*.

confidential informants. Appellant asserts that although counsel filed three omnibus pretrial motions, each motion lacked particularity and did not attempt to overcome the informant's privilege or compel production of the informant. (Appellant's Brief at unnumbered pages 11, 17). Appellant further alleges counsel was ineffective for not objecting to the trial court's ruling that limited the lines of questioning concerning the identity of the confidential informant. (*Id.* at unnumbered page 19). Appellant suggests that if counsel had been permitted to ask questions about the confidential informant, he could have established that the informant was not reliable. In the absence of reliable corroboration from the informant, Appellant submits the affidavit would lack probable cause and the results of the search would have been suppressed. (*Id.* at unnumbered pages 19-21). Appellant concludes trial counsel rendered ineffective assistance, and this Court must grant relief. We disagree.

"Counsel is presumed to have rendered effective assistance." *Commonwealth v. Hopkins*, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111 (2011).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" *Commonwealth v. Smith*, 167 A.3d 782, 788 (Pa.Super. 2017), *appeal denied*, 645 Pa. 175, 179 A.3d 6 (2018) (quoting *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994)). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

"Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests." *Commonwealth v. Kelley*, 136 A.3d 1007, 1012 (Pa.Super. 2016) (quoting *Pierce, supra* at 524, 645 A.2d at 194-95).

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

***Commonwealth v. King***, 259 A.3d 511, 520 (Pa.Super. 2021) (quoting

***Sandusky, supra*** at 1043-44).

"To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. Spotz***, 624 Pa. 4, 33-34, 84 A.3d 294, 312 (2014) (internal citations and quotation marks omitted). "[A] criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." ***Hopkins, supra*** at 876 (quoting ***Commonwealth v. Chambers***, 570 Pa. 3, 22, 807 A.2d 872, 883 (2002)).

Here, the PCRA court explained:

> [Appellant's] first ineffective assistance claim is that trial counsel ran afoul of Pa.R.Crim.P. 581(d) by failing to specify in sufficient detail the evidence sought to be suppressed. This issue is meritless. The record clearly reflects that trial counsel filed, supplemented, and thoroughly briefed and argued a detailed omnibus pretrial motion seeking to suppress specific evidence recovered (1) from information gathered by the GPS tracking device placed on [Appellant's] vehicle, (2) during the search of [Appellant's] home, (3) from [Appellant's] person during the search of his home, and (4) pursuant to information provided by [Appellant] in statements made while he was in police custody. ***See*** Def. Omn. Mot. (January 24, 2018); Def. Suppl. Omn. Mot. (March 12, 2018); Def. Second Suppl. Omn. Mot. (May 18, 2018); Def. Mem. in Supp. of Omn. Mot (September 14, 2018); ***see also*** N.T., Suppression Hearing, July 13, 2018. Moreover, even if trial counsel could have been more

- 10 -

specific in the various omnibus pretrial motions to suppress, such greater specificity would have had no effect on the outcome of the motions to suppress; the [c]ourt determined, and the Superior Court affirmed, that both relevant affidavits were based on sufficient indicia of probable cause. Therefore, [Appellant] cannot show he was prejudiced even if his allegation had any basis in fact.

\* \* \*

[Appellant] claims that in addition to the suppression motions, trial counsel should have filed a separate motion challenging the reliability of the two [confidential informants], and further claiming other deliberate misstatements allegedly contained in the relevant affidavits.[6] An examination of the transcript from the Suppression Hearing, however, indicates that while trial counsel may not have filed a written challenge to the confidential informants and the veracity of the statements in the affidavits, trial counsel did raise these issues orally on July 13, 2018, in a conference with the [c]ourt prior to the Suppression Hearing. Before the formal hearing in the courtroom, the [c]ourt spent approximately an hour in Chambers with the Commonwealth and [Appellant's] trial counsel, hearing argument and ruling upon matters raised by the defense. After the conference but before witness testimony, counsel memorialized the [c]ourt's various rulings for the record.[7] Defense counsel's remarks clearly reveal that he specifically raised with the [c]ourt the issues of alleged material omissions and misstatements regarding the [confidential informants] in the affidavits. Specifically, trial counsel noted for the record that

it is my understanding...that the list of material omissions and misstatements that was presented in chambers to give specific notice to the Commonwealth included several items, some of which the [c]ourt is permitting to be addressed at this hearing, some of which the [c]ourt is not permitting to be addressed.

N.T., Suppression Hearing, at 5. The [c]ourt found the omissions and misstatements alleged by defense counsel to be immaterial to the finding of probable cause. Although ultimately unsuccessful, [Appellant's] trial counsel did

indeed raise and advocate the positions [Appellant] claims he should have done, and this ineffective assistance claim is therefore moot.

> [6] [Appellant] never specifies exactly what he would have had trial counsel claim was omitted or misstated in the affidavits; rather, [Appellant's] complaint with trial counsel seems to be that he did not push hard enough to find out information about the [Confidential Informants]. He provides no basis in fact for a reason to believe that Detective Weber, the affiant in both the application for the search warrant and the application for the GPS mobile tracking device, made deliberate misstatements or exhibited a reckless disregard for the truth.
>
> [7] [Appellant] seems to believe, mistakenly, that his counsel entered into some sort of agreement with the Commonwealth during the [c]hambers conference. The [c]ourt specifically clarified for the record that [it] had made various rulings on the relevant issues. (N.T., Suppression Hearing, at 4).

\* \* \*

Finally, [Appellant] cannot show he was prejudiced by trial counsel's decision to forego seeking the identities of the confidential informants. The trial court found, and the Superior Court affirmed, that both probable cause supported both the search warrant for [Appellant's] home and the order authorizing the GPS tracking device for [Appellant's] vehicle. There is simply no reasonable probability that the outcome of the proceedings would have been different but for trial counsel's alleged ineffectiveness.

(PCRA Court Opinion at 11-15). We agree that Appellant has not met his burden of proving counsel's ineffectiveness. *See Sandusky, supra*. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

- 12 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/07/2022